JANE DOE In Pro Se
c/o MICHAEL HARRINGTON LAW PC
77711 Flora Rd #304
Palm Desert, CA 92211
Phone/Fax (760) 347-4445
c/o Email: harringtonlaw@aol.com

**UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE,<br>    Plaintiff,<br>vs.<br>FEDERAL BUREAU OF<br>INVESTIGATION, and DOES 1-6,<br>    Defendant. | Case No. EDCV21-01457-CJC(SHKx)<br><br>**COMPLAINT FOR NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES Plaintiff JANE DOE, In Pro Se, for its Complaint against the FEERAL BUREAU OF INVESTIGATION ("FBI"), in its official capacity, and Individual FBI Agents DOES 1 – 6, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**JURSIDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of California and

Washington, D.C., and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this District under 28 U.S.C. § 1391 because the Defendant is an agency of the United States and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

4. Venue is also proper because the Defendant's individual agents either resided in, worked in, or were assigned to and/or reported to superiors located in this district.

## THE PARTIES

5. Plaintiff Jane Doe ("DOE" or "Plaintiff") is an individual who resides in Riverside County, California. DOE is a citizen of California. DOE performed a substantial amount of professional research and legal services to the Defendants and was not compensated for it.

6. Defendant Federal Bureau of Investigation ("FBI" or "Defendant") is a federal agency of the United States Government as defined by 5 U.S.C. §552a(a)(1) and § 701, and is headquartered in Washington D.C.

7. Defendant Does 1 – 6, inclusive, are sued herein under fictitious names, their true names and capacities being known to the Plaintiff. Plaintiff is informed and believes, and based on such information and belief, alleges that each of the Defendant Does 1 – 6, have participated in some manner with one or more of the other Defendants herein to commit the acts herein alleged and that each of said Defendants actions herein alleged.

8. Each one of Defendant Does 1 – 6 has acted as an agent, employee representative or principal of the other Defendant's identified herein performing the acts described in this complaint.

## STATEMENT OF FACTS

9. Plaintiff is an attorney who is admitted into the State Bar of California.

10. Plaintiff sues under a fictitious name because s/he fears for her/his safety and for retaliation due to the nature of her extensive participation in a criminal investigations for the FBI.

11. Plaintiff was a crime victim and a witness to a public corruption (large multi-million dollar fraud) when contacted by investigative agents of the FBI on or about August 2018.

12. The FBI requested and pushed Plaintiff into drafting a prosecutorial reports and had her conduct other legal and public research on many other cases.

13. Most of the services Plaintiff conducted for the FBI were legal services.

14. At various times, Plaintiff performed these services for the FBI in their Palm Springs office's conference room, and at times at night or weekends at the unoccupied desk of a federal agent who worked days and was not at his desk at such relevant times herein.

15. At various times, Plaintiff also performed these services for the FBI in her own office, which at the time said office had about $4,000 per month overhead.

16. At various times, Plaintiff also performed these services for the FBI at other locations requiring expenditure for travel and other related expenses.

17. Plaintiff was made to believe by the Defendants that there would be payment for her services upon indictments.

18. Supervisors of the FBI approved payment arrangements for Plaintiff with more and the bulk of the payment to come upon indictment of the criminal prosecutions. Approval came not only from the local office supervisor but the Assistant Director In Charge for the Los Angeles Field Office at that time (later transferred for misconduct of accepting personal gratuities).

19. $100,000 was promised to Plaintiff by the FBI for her services.

20. After Plaintiff's prosecutorial report and other legal work, an indictment was obtained by the court for the suspect involved in the multi-million-dollar fraud scheme in June of 2020. Plaintiff wrote the prosecutorial report and took an agent

to the subject property of the fraud in question. Said property is a potential asset forfeiture, as well.

21. If not for Plaintiff's extensive investigative and legal services to the FBI, an indictment would not have been obtained.

22. If not for Plaintiff's extensive investigative and legal services to the FBI, the FBI would have had no knowledge of the involved fraud case and others.

23. Plaintiff was promised a letter of appreciation by the FBI but Plaintiff did not want a written statement created in the public domain or for public disclosure about ongoing confidential matters.

24. Plaintiff reiterated to the FBI about her compensation and an FBI agent affirmed that she would be paid for her services.

25. Plaintiff also performed legal services for individual agents if the FBI who requested her services for personal matters.

26. Plaintiff sought compensation for the legal services performed for individual agents of the FBI totaling $900.00 in small claims court This was removed to Federal Court then dismissed without prejudice.

27. The fraud of the individual agents of the FBI is related to the overall culture the FBI has in taking advantage of individual citizens for their services and not compensating them appropriately.

28. The FBI has ceased all contact with Plaintiff.

29. Plaintiff has not been provided with compensation or reimbursement for all of her services in drafting the prosecutorial report and conducting legal and public research on behalf of the FBI.

30. The FBI's Agent affidavit that was used for the criminal proceeding mirrors the prosecutorial work that Plaintiff drafted and submitted to the FBI.

## CLAIM I: FEDERAL TORT CLAIMS ACT - NEGLIGENCE

31. Plaintiff realleges and incorporates paragraphs 1 through 30 hereof, as if fully set forth herein.

32. This cause of action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

33. Plaintiff was requested and pushed to draft a prosecutorial report and to conduct legal and public research for the FBI's criminal investigation.

34. By virtue of the foresaid, Defendants owed a duty of care to Plaintiff and others in the general public provided by all federal and state laws and professional standards and policies of law enforcement officers, including FBI policies and ethics.

35. Defendants breach the aforesaid duties of care in many ways, including (but not limited to):

    a) Defendants failed to compensate Plaintiff fully for services and expenses incurred after requesting her legal and non-legal services for a criminal investigation.

    b) Defendants failed to provide Plaintiff with her promised $100,000 for her involvement in this criminal investigation, upon the indictment of the suspect involved in the criminal proceeding.

36. As a direct and proximate cause result of the foregoing, Plaintiff suffered injuries in a sum of $103,708.80 and more.

37. Plaintiff reached out to an individual FBI agent who did not respond to her or try to rectify the misconduct in anyway. Next plaintiff reached out to supervisors as well and the Washington DC office with no result or response.

38. Plaintiff was promised by and relied on the FBI for compensation for her services and for any incurred expenses to be paid primarily upon indictment(s).

39. By virtue of the foresaid, each of the Defendants, individually and collectively, have acted in knowledge of or reckless disregard of the probability of

Plaintiff's exploitation and undesired injury, and because Plaintiff was working for the FBI, she was helpless to demand payment after multiple requests.

40. By virtue of the foresaid, the Defendants have each acted with knowledge of or with reckless disregard of the fact that their acts and omissions would cause injury to Plaintiff, such that punitive damages should be assessed against the Defendants in a sum according to proof at trial.

41. By reason of the foregoing, Defendants are liable in the amount of $103,708.80, plus interest, attorney fees, and costs. Plaintiff seeks compensatory and also punitive and/or exemplary, plus interest, attorney fees, and costs.

## REQUESTED RELIEF

WHEREFORE, the plaintiff prays for judgement as follows:

    (a) Compensatory damages, including general and special damages, according to proof in the amount of $103,708.80 or more.

    (b) Punitive and/or exemplary damages against the Defendants in whatever amount, exclusive of costs and interest, that the Plaintiff is found to be entitled to;

    (c) An award, of interest, costs, and reasonable attorney's fees;

    (d) Costs of suit necessarily incurred herein; and,

    (e) Such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(b) of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

Dated:

By _Jane Doe_

Jane Doe, Plaintiff