```
E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JASON K. AXE
Assistant United States Attorney
California Bar Number 187101
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-8790
        Facsimile: (213) 894-7819
        E-mail: Jason.Axe@usdoj.gov
Attorneys for Defendant
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>           v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | No. 5:21-cv-01457 CJC (SHKx)<br><br>**STIPULATION FOR COMPROMISE SETTLEMENT AND DISMISSAL AND REQUEST FOR LEAVE TO FILE NON-PSEUDONYMOUS SETTLEMENT AGREEMENT UNDER SEAL** |

   IT IS HEREBY STIPULATED, by and between Plaintiff Jane Doe ("Plaintiff") and Defendant United States of America ("Defendant"), by and through its undersigned counsel, that this action may be settled and compromised on the following terms and conditions:

   1.   The parties agree to settle and compromise each and every claim of any kind that Plaintiff has or may have, whether known or unknown, arising out of or in connection with any event or circumstance, occurring prior to, or as of the date of, this

1 | Stipulation for Compromise Settlement and Dismissal ("Stipulation"), including, without
2 | limitation, any event or circumstance relating to Plaintiff's allegations set forth in the
3 | complaints in this action. (ECF 1, 45, 64.) Nothing in this agreement should be construed
4 | as establishing precedent for or proof of a relationship between Plaintiff and the Federal
5 | Bureau of Investigation.

6 |     2.    Defendant agrees to pay Plaintiff the sum of four thousand dollars
7 | ($4,000.00), which sum shall include all attorney's fees and shall be in full settlement,
8 | satisfaction, and release of any and all claims, demands, rights, and causes of action of
9 | whatsoever kind and nature, known and unknown, foreseen and unforeseen, which
10 | Plaintiff and Plaintiff's heirs, guardians, executors, administrators, or assigns, may have
11 | had, may now have, or may hereafter discover or acquire against the United States of
12 | America and its past and present officials, employees, agents, servants, and agencies,
13 | including but not limited to the Federal Bureau of Investigation, arising out of or in
14 | connection with any event or circumstance, occurring prior to, or as of the date of, this
15 | Stipulation, including, without limitation, any event relating to Plaintiff's allegations set
16 | forth in the complaints in this action (ECF 1, 45, and 64), any event or claim which is the
17 | subject of this action, any administrative claim and/or grievance, and any claim for
18 | personal injury, emotional distress, lost earnings, economic damages, and any other
19 | injuries or damages.

20 |     3.    Plaintiff for herself and her heirs, guardians, executors, administrators,
21 | agents or assigns, and each and any of them, agrees to accept the sum of four thousand
22 | dollars ($4,000.00) in full settlement and satisfaction of any and all claims, demands,
23 | rights, and causes of action of whatsoever kind and nature, known and unknown,
24 | foreseen and unforeseen, which Plaintiff and Plaintiff's heirs, guardians, executors,
25 | administrators, or assigns, may have had, may now have, or may hereafter discover or
26 | acquire against the United States of America, and its past and present officials,
27 | employees, agents, servants, and agencies, including but not limited to the Federal
28 | Bureau of Investigation, arising out of or in connection with any event or circumstance,

occurring prior to, or as of the date of, this Stipulation, including, without limitation, any event relating to Plaintiff's allegations set forth in the complaints in this action (ECF 1, 45, and 64), any event which is the subject of this action, any administrative claim and/or grievance, and any claim for personal injury, emotional distress, lost earnings, economic damages, and any other injuries or damages.

4. Plaintiff for herself and her heirs, guardians, executors, administrators, agents or assigns, and each and any of them, fully and forever releases, acquits and discharges the United States of America and its past and present officials, employees, agents, servants, and agencies, including but not limited to the Federal Bureau of Investigation, from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, known and unknown, foreseen and unforeseen, which Plaintiff and Plaintiff's heirs, guardians, executors, administrators, or assigns, may have had, may now have, or may hereafter discover or acquire against the United States of America, and its past and present officials, employees, agents, servants, and agencies, including but not limited to the Federal Bureau of Investigation, arising out of or in connection with any event or circumstance occurring prior to, or as of the date of, this Stipulation, including, without limitation, any event relating to Plaintiff's allegations set forth in the complaints in this action (ECF 1, 45, and 64), any event which is the subject of this action, any administrative claim and/or grievance, and any claims for personal injury, emotional distress, lost earnings, economic damages, and any other injuries or damages.

5. If Plaintiff has any pending administrative claims of whatever nature against Defendant or any of its agencies, Plaintiff agrees to withdraw and dismiss them with prejudice. If Plaintiff fails to affirmatively withdraw and dismiss with prejudice any such administrative claim, Plaintiff's signature on this Stipulation will be sufficient legal evidence of Plaintiff's intent to do so, and such matters shall therefore be deemed withdrawn and dismissed with prejudice.

6. This Stipulation constitutes a general release. As additional consideration

1 for this Stipulation, Plaintiff for herself and her heirs, guardians, executors,
2 administrators, agents, or assigns, and each and any of them, specifically waives and
3 releases any and all known and unknown rights, claims, causes of action, or demands
4 which might otherwise be preserved or accrue under Section 1542 of the California Civil
5 Code, which Plaintiff understands as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Therefore and notwithstanding anything to the contrary herein, Plaintiff for herself and her heirs, guardians, executors, administrators, agents, or assigns, and each and any of them, explicitly releases any and all claims against the United States of America, and its past and present officials, employees, agents, servants, and agencies, including but not limited to the Federal Bureau of Investigation, which Plaintiff does not know or suspects to exist in Plaintiff's favor at the time Plaintiff executes this Stipulation and which would have materially affected this settlement if such claim or claims had been known.

7. Plaintiff for herself and her heirs, guardians, executors, administrators, agents or assigns, and each and any of them, further agrees to reimburse, indemnify and hold harmless the United States of America, and its past and present officials, employees, agents, servants, and agencies, including but not limited to the Federal Bureau of Investigation, from any and all causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from this or further litigation or the prosecution of claims by Plaintiff or Plaintiff's heirs, guardians, executors, administrators, agents, or assigns against any third party or against the United States of America, and its past and present officials, employees, agents, servants, and agencies, including but not limited to the Federal Bureau of Investigation, arising out of or in connection with any event or circumstance, occurring prior to, or as of the date of, this Stipulation, including, without limitation, any event relating to Plaintiff's allegations set

forth in the complaints in this action (ECF 1, 45, and 64), any event or claim which is the subject of this action, any administrative claim and/or grievance, and any claims for personal injury, emotional distress, lost earnings, economic damages, and any other injuries or damages.

8. This Stipulation shall not constitute an admission of liability or fault on the part of the United States of America, or its agencies, agents, servants, officials, or employees, past or present, and it is specifically denied that they are liable to Plaintiff. This settlement is entered into by all parties herein for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

9. The terms of this Stipulation shall not establish any precedent, nor shall this Stipulation be used as a basis for Plaintiff or any other person, representative, or organization to seek or justify similar terms in any subsequent civil or administrative action, mediation, arbitration, or proceeding of any kind.

10. The parties agree that the settlement amount of four thousand dollars ($4,000.00) for Plaintiff represents the entire amount of the compromise settlement with Defendant, and that Plaintiff and Defendant will each bear their own costs, fees, and expenses, and that any attorney's fees or costs owed or incurred by Plaintiff will be paid out of the settlement amount and not in addition thereto. It is further agreed that payment of any attorney's fees, costs, and expenses are the sole responsibility of Plaintiff and that Defendant shall not pay or reimburse Plaintiff for any attorney's fees, costs, or expenses owed or incurred by Plaintiff.

11. Payment of the settlement will be made by electronic funds transfer as per the following information, to be provided by Plaintiff:

   a. Payee Account Name,
   b. Payee Account Number,
   c. ABA Routing Number,
   d. Type of Account (Checking or Savings),
   e. Financial Institution Name, City, State,

    f. Social Security Number.

12. Plaintiff for herself and her heirs, guardians, executors, administrators or assigns, and each and any of them, agrees that Plaintiff is solely responsible for paying any and all outstanding liens not withdrawn by lien holders, from any and all insurance companies, health care providers, experts, consultants, attorneys, and any and all other persons or organizations who have or may claim to have liens or subrogated assigned claims arising out of or related to the subject matter of this action.

13. In consideration of the payment of the sum total of four thousand dollars ($4,000.00), Plaintiff agrees that Plaintiff will execute such documents as shall be necessary to cause this action to be dismissed in its entirety, with prejudice, as to Defendant from the docket of this Court. The failure to obtain a dismissal with prejudice as to Defendant renders the entire Settlement Agreement and the compromise settlement null and void.

14. The parties agree that the publicly filed Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiff and Plaintiff's heirs, executors, administrators, agents, or assigns, expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b). The terms of this paragraph shall not apply to any non-pseudonymous version of this settlement agreement that is approved for filing under seal by this Court.

15. Any and all individual taxation consequences as a result of this Stipulation are the sole and exclusive responsibility of Plaintiff. Defendant does not warrant or make any representation regarding any tax consequences of this Stipulation. Nothing contained herein shall constitute a waiver by Plaintiff of any right to challenge any tax consequences of this Stipulation. Further, nothing in this Stipulation waives or modifies federal, state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the consideration set forth in Paragraph 2, and Plaintiff is executing this Stipulation without reliance on any representation by Defendant as to the application

1 | of any such law.

2 |     16.    This written Stipulation contains all of the agreements between the parties and is intended to be and is the final and sole agreement between the parties. The parties agree that any other prior or contemporaneous representations or understandings not explicitly contained in this written Stipulation, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this Stipulation must be in writing and must be signed and executed by the parties.

    17.    The undersigned represent that they have reviewed and understand this Stipulation, that they are fully authorized to enter into the terms and conditions of this Stipulation, and that they enter into the Stipulation freely and voluntarily and agree to be bound thereby. This Stipulation shall be considered jointly drafted such that any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply to the interpretation of this Stipulation.

    18.    It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

    19.    On December 7, 2022, this Court granted Plaintiff's ex parte application to proceed under a pseudonym. (ECF 57.) As Plaintiff noted in the ex parte application (ECF 54 at ¶ 11), Defendant is aware of Plaintiff's identity. Nonetheless, in order to effect payment with respect to this settlement agreement and to ensure that a version of the settlement agreement that includes Plaintiff's name is included in the Court's file, the parties request through this stipulation that the Court grant them leave to file a non-pseudonymous version of this settlement agreement under seal. The parties further agree that the terms of this Stipulation will not be final or enforceable until the non-pseudonymous version of the settlement agreement is filed with the Court under seal.

Respectfully Submitted,

Dated: May 10, 2023

*Jane Doe*

JANE DOE
Plaintiff in pro se

Dated: May 10, 2023

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney, Chief,
Complex and Defensive Litigation Section

/s/ *Jason K. Axe*

JASON K. AXE
Assistant United States Attorney
Attorneys for Defendant

8